IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA AND DIANA RAMOS, REVENUE OFFICER, INTERNAL REVENUE SERVICE, | : : : : : | MISC. NO. 1:09-MC-142 |
| **Plaintiffs** | : : | |
| v. | : : | **Judge Rambo** |
| GLENN A. WORLEY, | : : | |
| **Defendant** | : | |

## MEMORANDUM and ORDER

The background of this order is as follows: On April 22, 2009, Plaintiffs initiated this IRS summons enforcement proceeding pursuant to 26 U.S. C. § 7604(a) to judicially enforce a summons issued pursuant to 26 U.S.C. § 7602. (Doc. 1.)  The summons was directed at Defendant Glenn A. Worley and was issued to enable the IRS to prepare a Collection Information Statement for the period of January 1, 2008 through January 25, 2009.  The IRS is conducting an investigation concerning Mr. Worley's assets in order to collect outstanding federal income tax liabilities for 2004 and 2005.[1]  Thus, this action is not about Defendant's tax liability for the years 2004, 2005 or any other tax year, and it is not about whether the IRS has the right to collect against certain of Mr. Worley's assets.  It simply concerns whether the IRS has the right to compel Mr. Worley to turn over those documents responsive to the summons issued on December 8, 2008.

On April 23, 2009, the court issued a show cause order and scheduled a hearing for May 20, 2009.  (Doc. 2.)  The hearing was continued and ultimately held

---

[1]In its complaint, the government acknowledges that it erroneously listed a civil penalty for the quarter ending December 31, 2004.  This apparently was an error, and the government stated that it was not seeking to enforce that part of the summons.

on June 18, 2009. At the hearing, the court determined that Mr. Worley failed to adequately show cause why he should not submit the information pursuant to the summons. On the same day, the court issued an order requiring Mr. Worley to obey the summons by giving testimony and by producing the requested documents on July 6, 2009 at 10:00 a.m. (Doc. 20.) On July 9, 2009, the IRS filed a motion for an order to show cause why Mr. Worley should not be held in contempt of court. (Doc. 28.) Apparently, Mr. Worley appeared at the York, Pennsylvania offices of the IRS on July 6, 2009, but continued to refuse to turn over any documents responsive to the summons or answer any questions. The court issued a rule to show cause on July 13, 2009 scheduling a hearing for August 11, 2009. (Doc. 31.) On August 5, 2009, Mr. Worley filed a response to the IRS' motion wherein he claimed that he would not respond to the summons because doing so would violate his rights under the First, Fourth and Fifth Amendments to the United States Constitution.

The court held a hearing on August 11, 2009. At that hearing, the IRS conceded that Mr. Worley's Fifth Amendment rights *may* be implicated but correctly argued that Mr. Worely cannot simply hide behind the Fifth Amendment generally, but rather must specify those documents that he believes may incriminate him, it is up to the court to decide whether the Fifth Amendment is implicated. For his part, Mr. Worley continued to argue at the hearing that the court has no jurisdiction over him, and that the undersigned was not affording him due process of law.

Based on the records before it, the court finds no merit in Mr. Worley's arguments that he cannot be compelled to comply with the summons because doing so would violate the First or Fourth Amendment. The gist of Mr. Worley's First Amendment argument is that his religion requires that he not boast of his wealth and

2

material possessions, and that by complying with a summons requiring him to list his assets that he would be doing just that. (*See* Doc. 38, ¶ 12.) While Defendant's modesty is admirable, his legal analysis is flawed. The First Amendment's protection of religious freedom embraces two concepts: freedom to believe, and freedom to act. The first is absolute, but the second cannot be, for conduct—in this case the failure to comply with a properly issued summons—remains subject to restriction. *See Cantwell v. State of Conneticut*, 310 U.S. 296, 303-04 (1940). Here, while not impugning the legitimacy of Mr. Worely's belief that he must not boast of material possessions, "the very concept of ordered liberty precludes allowing every person to make his or her own standards on matters of conduct in which society as a whole has important interests." *Wisconsin v. Yoder*, 406 U.S. 205, 215 (1972). Certainly the government has an interest in the orderly collection of tax revenues for past due taxes, and Defendant has failed to demonstrate how complying with the summons would in any way impact his beliefs or materially affect his religious practices. Accordingly, the court finds no merit in Mr. Worley's contention that he is excused from complying with the summons because of his rights under the First Amendment.

Mr. Worley's Fourth Amendment argument appears to be premised upon his refusal to turn over his books and papers because no search warrant was issued. This is not a criminal case, but rather a civil contempt proceeding because of Mr. Worley's repeated refusal to comply with a validly issued summons. The IRS need not have a warrant to seek the information requested in their summons, rather they must simply comply with the requirements of 26 U.S.C. § 7602(a). They have

done so in this case, and the court finds no merit in Mr. Worley's argument that he is excused from complying with the summons because of the Fourth Amendment.

Mr. Worley also asserts that he cannot comply with the summons because doing to would violate his rights granted by the Fifth Amendment against self-incrimination. The court notes initially that Mr. Worley's claim of privilege is overly broad. Mr. Worley objects to providing any information on the grounds that some of this information may be later used against him in a criminal prosecution.[2] This is not the privilege that is protected by the Fifth Amendment. Even though an act may provide incriminating evidence, an individual may be compelled to act by law enforcement under certain circumstances. *See Schmerber v. California*, 384 U.S. 757 (1966) (providing a blood sample not protected by Fifth Amendment); *Gilbert v. California*, 388 U.S. 263 (1967) (providing a handwriting sample not protected by the Fifth Amendment); *United States v. Wade*, 388 U.S. 218 (1967) (making a recording on ones voice not protected by the Fifth Amendment). The Fifth Amendment protects the Defendant only against being "compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. "The word 'witness' in the constitutional text limits the relevant category of compelled incriminating communications to those that are testimonial in nature." *United States v. Hubbell* 530 U.S. 27, 34 (2000) (internal quotations omitted). Thus, the Supreme Court has made it clear that "a person may be required to produce specific documents even those that contain incriminating assertions of fact or belief because the creation of those documents was not 'compelled' within the meaning of the

---

[2]No criminal case is currently pending, and counsel for the IRS noted at the hearing on August 11, 2009 that no criminal case was contemplated, but that he could not say one way or the other that one would not follow if the information received warranted a referral.

privilege. *Id.* at 35-36 (*citing Fisher v. United States*, 425 U.S. 391 (1976)).  Like this case, *Fisher* dealt with an IRS summons.  The Court stated that because the papers had been voluntarily prepared prior to the issuance of the summonses, they could not be "said to contain compelled testimonial evidence, either of the taxpayers or of anyone else." *Fisher*, 425 U.S. at 409-10.  The crux of *Fisher* is that a taxpayer cannot avoid compliance with an IRS summons "merely by asserting that the item of evidence which he is required to produce contains incriminating writing." *Id.*

On the other hand, the Supreme Court has also made it abundantly clear that if the act of producing the documents themselves explicitly or implicitly communicates a statement of fact, then the act of production in response to a summons may have a compelled testimonial aspect protected by the Fifth Amendment. *United States v. Doe*, 465 U.S. 605, 612-13 (1984).  The relevant inquiry then is not whether the content of the documents is incriminatory, rather whether the testimony inherent in the act of producing these documents is incriminatory.  This determination is a fact intensive inquiry that must be done by the court on a document to document basis. *See id.* at 613-14.

Thus, as the IRS concedes, Mr. Worley is entitled to narrowly exercise his Fifth Amendment privilege as to any disclosure that, *by the act of production itself*, would result in his being compelled to testify against himself.  To facilitate this, the court will require Mr. Worley to submit all documents responsive to the December 8, 2008 summons to this court for review.  Mr. Worley must also submit as to each document that, if produced by him, would compromise his right against self-incrimination, a written statement detailing why his production of that

5

document is protected by the Fifth Amendment. The court will not accept a blanket invocation of the Fifth Amendment; rather, Mr. Worley must be specific and narrowly claim the privilege only as to those documents which, if produced by him would amount to a statement of fact that could later be used against him.

Accordingly, **IT IS HEREBY ORDERED THAT** by no later than September 1, 2009 Defendant shall submit to the court for *in camera* review all documents responsive to the December 8, 2008 summons issued by the IRS. As to each document that Mr. Worley believes, if produced by him, would compromise his rights afforded by the Fifth Amendment to the United States Constitution, he must submit a written statement setting forth why his producing the document(s) would amount to a violation of those rights. The court will determine as to each document whether Mr. Worley has a legitimate Fifth Amendment concern. These documents should be submitted to the clerk of court in a sealed envelope(s), but not docketed of record. Defendant shall be subject to contempt of court if he fails to strictly comply with this order.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: August 14, 2009.