IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND DIANA RAMOS, REVENUE OFFICER, INTERNAL REVENUE SERVICE, | MISC. NO. 1:09-MC-142 |
| **Plaintiffs** | |
| v. | Judge Rambo |
| GLENN A. WORLEY, | |
| **Defendant** | |

# **M E M O R A N D U M**

Before the court are seven motions filed by Defendant: (1) Motion for disqualification of Senior Judge Sylvia H. Rambo, (Doc. 39); (2) Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to rule upon this motion, (Doc. 40); (3) Motion to withdraw motion for Disqualification of Senior Judge Sylvia H. Rambo, (Doc. 43); (4) Motion for recusal of Senior Judge Sylvia H. Rambo, (Doc. 45); (5) Motion to Vacate Judge's Order and Reconsider, (Doc. 46); (6) Motion for Enlargement of time of 60 days to complete discovery, (Doc. 47); and (7) Motion to proceed *in forma pauperis*, (Doc. 48). The court will address each of these motions.[1] This memorandum also addresses Defendant's *in camera* production of documents in compliance with the court's August 14, 2009 order. (Doc. 42.)

---

[1] The court notes that none of the motions filed by Defendant were accompanied by briefs, and no briefs were subsequently filed. Although some of the briefing deadlines have not yet passed, the court will dispose of these motions without further briefing.

**I.      Motions for disqualification or recusal (Docs. 39, 43, 45)**

On August 11, 2009, Defendant filed his Motion for Disqualification of Senior Judge Sylvia H. Rambo. (Doc. 39). On August 14, 2009, Defendant filed a motion to withdraw this motion. (Doc. 43.) The court will grant Defendant's motion to withdraw his motion for disqualification.

On August 28, 2009, Defendant filed a Motion for Recusal of Senior Judge Sylvia H. Rambo. (Doc. 45.) In his motion, Defendant invokes 28 U.S.C. § 455 as the basis for his request for recusal. Defendant's motion cites a litany of reasons why he believes that the undersigned should recuse herself from this case. The court will not repeat the specifics in this memorandum. Suffice it to say that Defendant questions, among other things, this court's impartiality.

Under 28 U.S.C. § 455(a), recusal is required whenever a judge's impartiality "might reasonably be questioned." Accordingly, a judge should recuse herself where "a reasonable [person] knowing all the circumstances would harbor doubts concerning the judge's impartiality." *Balance Road Corp. v. Bensalem Twp.*, 57 F.3d 253, 266 (3d Cir. 1995), *abrogated on other grounds by United Artists Theatre Circuit, Inc. v. Township of Warrington, PA,* 316 F.3d 392 (3rd Cir. 2003).

After examining the entirety of the record, and all of Defendant's arguments for recusal presented in his various motions, the court finds that recusal is not warranted. Defendant's main frustration is that the court has ruled against him on every motion and request that he has filed, including his motion to dismiss for lack of personal jurisdiction, (Doc. 9), and his motion to proceed *in forma pauperis*, (Doc. 26). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality ruling." *Liteky v. United States*, 519 U.S. 540, 555 (1994).

Defendant has pointed to nothing that would lead a reasonable person to believe that the undersigned has shown a deep-seated favoritism or antagonism that would make fair judgment impossible. *Id*. Defendant cannot simply heap innuendo upon unfounded suspicion and hope that it produces some hint of bias sufficient for this court to recuse itself. Although this court has at times expressed frustration with Defendant and what the court believes to be his dilatory conduct, this alone does not warrant recusal. Accordingly, the court will deny Defendant's motion to recuse. (Doc. 45.)

## II. Motions to Exercise Constitutional Rights (Doc. 40)

On August 11, 2009, Defendant filed a document titled Motion to Claim and Exercise Constitutional Rights and Require the Presiding Judge to Rule Upon this Motion, and all Public Officers of this Court to uphold said Rights. (Doc. 40). This motion is a rambling eight-paragraph motion seeking among other things that this court provide him with "due process of law" and "acknowledge and uphold the Constitution of the United States of America and as the Supreme Law of this court, in this matter." (Doc. 40 ¶¶ 4, 6.) Defendant also requests that this court uphold the First, Fourth, Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments to the United States Constitution. (*Id.* ¶ 3.)

On August 14, 2009, this court issued an order in response to Defendant's assertion of his First, Fourth and Fifth Amendment rights. (Doc. 42.) The court will not rehash those arguments here. Defendant has raised nothing new in his August 11, 2009 filing. While he vaguely asserts rights under the Fifth, Sixth, Seventh, Ninth and Fourteenth Amendments, he is not specific about the scope of his rights under those Amendments in this context. Invoking the Constitution of the

United States is not some magical incantation that wards off all intrusion by the government, rather the Constitution embodies a set of rights that must be applied to specific contexts. Defendant has failed to state with any specificity how his Constitutional rights have been violated, and his motion will be denied.

**III.         Motion to Vacate Judge's Order and Reconsider**

On August 31, 2009, Defendant filed a motion to vacate this court's August 14, 2009 order. The court will treat Defendant's motion as one for reconsideration. A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[2] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA*

---

[2]Defendant does not specify the Federal Rule of Civil Procedure his motion for reconsideration was brought under. When a party files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

4

*Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted*).* Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, "[r]econsideration of judgment is an extraordinary remedy[, and] such motions should be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Defendant cites no basis for the court to reconsider its August 14, 2009 memorandum and order. Instead, Defendant attempts to reargue matters that have already been decided by this court. Most significantly, Defendant spends considerable time arguing that he was not properly served with initial process, and that Plaintiffs and this court violated other aspects of Fed.R.Civ.P. 4. The court has already decided that service was proper in this case in its order dated June 12, 2009. (Doc. 14.) In that order, the court adopted Plaintiffs' reasoning stated in their Brief in Opposition to Defendant's motion to dismiss. (*See* Doc. 11.) The court also discussed these issues with Defendant at the first show cause hearing held on June 18, 2009. At that hearing, Defendant made an oral motion to dismiss the case based on lack of personal and subject matter jurisdiction. The court denied that motion pointing to the court's June 12, 2009 order. (Tr. of Proceedings, Jun. 18 2009, at 2-7.) The court will not address this issue further, the court has jurisdiction.

Defendant also argued that he needs additional time to conduct discovery in this case, and that he should not be forced to turn over documents until this has occurred. This is a summary proceeding instituted by the IRS to allow it to assess Defendant's assets to determine whether he has anything from which they can collect past due taxes for tax years 2004 and 2005. Discovery is not appropriate in this case. Plaintiffs have not filed a motion to quash Defendant's discovery requests, and the court will not do so on its own; however, nothing in the interrogatories or request for admission appended to Defendant's motion and sent to Plaintiffs leads this court to believe that its August 14, 2009 order should be vacated. That order dealt with Defendant's invocation of his Fifth Amendment rights, and ordered Defendant to submit *in camera* all documents responsive to the IRS summons along with a written statement setting forth why his producing the documents would amount to a violation of his Fifth Amendment rights. The fact that Defendant does not want to comply with the order—or thinks that it is incorrect—is not a basis for reconsideration or vacatur. Defendant points to no intervening change in the controlling law, no new evidence that was not available when the court ruled on these issues previously, has pointed to no clear error of law or fact, or that manifest injustice would result if the court did not reconsider its order. *Max's Seafood Café,* 176 F.3d at 677. Accordingly, the court will deny Defendant's Motion to Vacate Judge's Order and Reconsider. (Doc. 46.)

**IV.** **Defendant's Motion for Enlargement of Time**

On August 31, 2009, Defendant filed a motion for enlargement of time to comply with the Court's August 14, 2009 order compelling Defendant to produce *in*

*camera* all of Defendant's documents responsive to the December 8, 2009 summons issued by the IRS. The basis for Defendant's request is his desire to take discovery "to clearly and unequivocally establish that, Defendant's Due Process rights were and continue to be violated, and, this court's jurisdiction to act did not exist." (Doc. 47 ¶ 5.) Defendant cites no compelling reason why he should not comply with the court's August 14, 2009 order. In fact, he did comply by submitting documents to this court *in camera*, which the court will address in Part VI, below. The court will deny Defendant's motion.

## V.     **Motion to proceed *in forma pauperis***

On September 1, 2009, Defendant filed another motion to proceed in this case *in forma pauperis*. The basis for this request is that Defendant wishes to receive a transcript of his show cause hearing held on August 11, 2009.³ The court notes that Defendant has never filed an affidavit with the court listing his assets and income so that the court can make an informed decision about whether to grant *in forma pauperis* status. Defendant's July 8, 2009 request simply states that he is unable to afford the costs of the proceeding and unable to work. (*See* Doc. 26.) This is insufficient. The court needs some factual basis to grant *in forma pauperis* status, and Defendant's conclusory statements are of no assistance.

Nonetheless, even if the court had granted Defendant *in forma pauperis* status, it would not serve the purpose that Defendant desires: the waiver of the transcript fee for his August 11, 2009 show cause hearing. In the truest sense,

---

³Defendant has already purchased a copy of the transcript from his June 18, 2009 show cause hearing.

transcript fees are never waived; the cost is simply bourne by the government rather than a party proceeding *in forma pauperis*. *See* 28 U.S.C § 753(f). In civil cases, not arising under 28 U.S.C. § 2255, the United States will pay the cost of transcripts only "if the trial judge or circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." *Id*. This court does not believe that Defendant's appeal presents a substantial question and will not certify that it does. Defendant can petition the Third Circuit Court of Appeals to have the United States to pay the transcript fee pursuant to 28 U.S.C. § 753(f). Accordingly, Defendant's motion for reapplication to proceed *in forma pauperis* will be denied.

## VI. Defendant's *in camera* production

On September 1, 2009, Defendant submitted documents for review by the court pursuant to the court's August 14, 2009 order. That order required Defendant to submit for *in camera* review all documents responsive to the December 8, 2008 summons issued by the IRS. As to each document that Defendant believed, if produced by him, would compromise his rights afforded by the Fifth Amendment to the United States Constitution, he was also to have submitted a written statement setting forth why his producing the document(s) would amount to a violation of those rights. The court was then to determine as to each document whether Defendant had a legitimate Fifth Amendment concern.

Although Defendant submitted documents to this court for review, he did not submit any statement as to why he believed that turning over these documents to the IRS would compromise his rights under the Fifth Amendment. Furthermore, after reviewing the documents, the court can see no reason why Defendant's production

8

of them to the IRS would violate his Fifth Amendment rights. Accordingly, there is no reason why these documents cannot be turned over to Plaintiffs as they are responsive to the summons at issue in this case.

Thus, in accordance with the discussion held at the conclusion of the August 11, 2009 show cause hearing, the court will order Defendant to appear and testify before Diana Ramos at the IRS's York office and produce and deliver to the IRS the documents provided to the court for *in camera* review, **and any other documents responsive to the IRS summons issued December 8, 2008**, at a time to be scheduled by the IRS, but by no later than September 30, 2009. The IRS shall have a court reporter present at this hearing for the purpose of creating a record. Defendant is permitted to invoke his Fifth Amendment right against self-incrimination as to any question asked, but must do so on a question by question basis. Moreover, Defendant cannot assert any Fifth Amendment privilege as to the documents produced for *in camera* review on September 1, 2009, and must provide those documents to the IRS at the time of the hearing. Defendant has no Fifth Amendment privilege in the production of these documents.

## VII. Conclusion

For the foregoing reasons, the court will grant Defendant's motion to withdraw his motion for disqualification of the undersigned. (Doc. 43.) Document 39 is deemed withdrawn. The court will deny Defendants remaining motions (Docs. 40, 45, 46, 47 & 48.) Defendant shall appear and testify before IRS Agent Diana Ramos at the IRS's York office at a time to be set by Plaintiff, but by no later than September 30, 2009. At this hearing, Defendant shall produce and deliver to Ms.

Ramos, or any other IRS officer acting on her behalf, all documents responsive to the IRS' December 8, 2008 summons, including but not limited to the documents produced by Defendant to this court for *in camera* review. If Defendant fails to attend the hearing scheduled by the IRS, fails to produce all documents responsive to the summons, or answer questions that are not subject to a valid Fifth Amendment assertion of privilege he will be subject to contempt of court. An appropriate order will issue.

                                           s/Sylvia H. Rambo
                                           United States District Judge

Dated: September 3, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA AND DIANA RAMOS, REVENUE OFFICER, INTERNAL REVENUE SERVICE,<br><br>    **Plaintiffs**<br><br>v.<br><br>**GLENN A. WORLEY,**<br><br>    **Defendant** | MISC. NO. 1:09-MC-142<br><br><br><br>Judge Rambo |

# **O R D E R**

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT:**

(1) Defendant's Motion to Withdraw Motion for Disqualification of Senior Judge Sylvia H. Rambo, (Doc. 43), is **GRANTED**, and the motion docketed as Document 39 is **DEEMED WITHDRAWN**;

(2) Defendant's Motion to Claim and Exercise Constitutional Rights, (Doc. 40), is **DENIED**;

(3) Defendant's Motion for Recusal of Senior Judge Sylvia H. Rambo, (Doc. 45), is **DENIED**;

(4) Defendant's Motion to vacate Judge's Order and Reconsider, (Doc. 46), is **DENIED**;

(5) Defendant's Motion for Enlargement of Time of 60 days, (Doc. 47), is **DENIED**;

(6) Defendant's motion to proceed *in forma pauperis*, (Doc. 48), is **DENIED**.

**IT IS FURTHER ORDERED THAT** Defendant shall appear and testify before IRS Officer Diana Ramos at the IRS's York office located at 2801 Eastern Blvd., York, PA 17402, at a time to be set by Officer Ramos, but by no later than September 30, 2009. At this hearing, Defendant shall produce and deliver to Ms. Ramos, or any other IRS officer acting on her behalf, all documents responsive to the IRS' December 8, 2008 summons, including but not limited to the documents produced by Defendant to this court for *in camera* review. Defendant shall leave copies with the IRS of all documents responsive to the summons. The IRS shall have a court reporter present at this hearing to create a simultaneous record of the proceedings. Defendant is permitted to assert his Fifth Amendment right against self-incrimination as to any question asked, but must do so on a question-by-question basis. Defendant may not invoke the Fifth Amendment as to the production of any documents responsive to the summons. Defendant had the chance to make his arguments to the court by way of *in camera* production of these documents but failed to do so, and has waived his right to assert this privilege as to the production of documents. If Defendant fails to attend the hearing scheduled by the IRS, fails to produce and deliver all documents responsive to the summons, or answer questions that are not subject to a valid Fifth Amendment assertion of privilege, he will be subject to contempt of court.

                                                           s/Sylvia H. Rambo
                                                         United States District Judge

Dated: September 3, 2009.